JUSTICE SHEA,
concurring.
¶37 I concur fully with the Court’s opinion. I write separately to address the Folsoms’ counsel’s baseless, and completely inappropriate, ad hominem attack on the District Court Judge who presided over this case.
¶38 The Folsoms’ counsel devotes an entire section of his opening brief before this Court to allegations that the District Court Judge essentially engaged in public malfeasance because she “was simply not going to allow the Plaintiffs the potential of a large jury verdict, and the ensuing publicity for the Court.” I will not go into the substance—or, more appropriately, lack thereof—of these allegations because, aside from the fact that the record divulges no basis for them, their lack of merit and relevancy is best illustrated by the Folsoms’ counsel’s own admission that “these actions of the Court are not part of this appeal.” This then begs the question: So why make these allegations if not to gratuitously malign a member of the judiciary?
¶39 The Folsoms’ counsel’s criticism of the District Court Judge is further belied by the fact that this Court has unanimously affirmed the District Court’s rulings on all of the Folsoms’ assignments of error. Ironically the only error we have found in this case is the District *32 Court’s award to the Folsoms of some damages to which they were not entitled, Opinion, ¶ 30, and the District Court’s award of essentially all of the Folsoms’ attorney fees, which we have concluded is incommensurate with what the Folsoms’ counsel actually accomplished with this litigation, Opinion, ¶ 35.
¶40 Eagle’s Rest points out in its brief that the Folsoms’ counsel’s attack on the District Court Judge appears to violate M. R. Prof. Conduct 8.2(a), which provides, in pertinent part:
A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer ....
Eagle’s Rest’s point may be well taken. If there is a legitimate basis for the Folsoms’ counsel’s allegations of malfeasance towards the District Court Judge in this case, I cannot find it in the record before this Court. That being noted, due process requires that we refrain from making that judgment at this juncture. This is more appropriate for consideration by the Commission on Practice.